**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| SCHLUMBERGER TECHNOLOGY CORPORATION, | |
| Plaintiff, | C.A. No. _____ |
| v. | **JURY TRIAL DEMANDED** |
| TEAM OIL TOOLS, LP, | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Schlumberger Technology Corporation ("Schlumberger" or "Plaintiff") hereby files this Complaint against Defendant TEAM Oil Tools, LP ("TEAM Oil" or "Defendant"), and alleges on personal knowledge as to its actions, and upon information and belief as to the actions of others, as follows:

### NATURE OF SUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100, et seq.

### PARTIES

2.      Schlumberger is a Texas corporation having a principal place of business at 300 Schlumberger Drive, Sugar Land, TX 77478.  Schlumberger supplies an array of products and services for the oil and gas exploration and production industry.

3.     In particular, Schlumberger offers systems designed for multi-zone treatment and completion of a wellbore, including its Falcon Multistage Stimulation Systems and its nZone Ball Drop Multistage Stimulation Systems.

4.     TEAM Oil is a Texas limited partnership, having its principal place of business at 1400 Woodloch Forest Dr. #500, The Woodlands, TX 77380.  TEAM Oil advertises that it designs, manufactures, and supplies downhole completion solutions for the oil and gas industry.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action upon at least the following grounds: (1) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States, and (2) 28 U.S.C. § 1338(a), this being a civil action arising under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*

6.     This Court has personal jurisdiction over TEAM Oil inasmuch as TEAM Oil maintains its principal place of business in this State, is regularly doing business in this State, has significant contacts with this State, has manufactured infringing products in this State, has offered for sale and sold infringing products in this States, maintains sales representatives in this State, has purposefully shipped or caused to be shipped infringing products in this States through established distribution channels, and/or has committed acts in this State that are the subject of the counts set forth herein.

7.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

8.     TEAM Oil may be sued in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b), insofar as it has committed acts of infringement in this District, has a regular and established place of business in this District, and is subject to personal jurisdiction in this District.

9.     Schlumberger has standing to bring this action.

## THE ASSERTED PATENTS

10.    The Asserted Patents are directed to methods, systems and apparatuses used for testing, treating, producing, or completing multiple zones in a well.

11.    On January 29, 2008, United States Patent No. 7,322,417 (the "417 Patent") was duly and legally issued for an invention entitled "Technique and Apparatus for Completing Multiple Zones."  A true and correct copy of the 417 Patent is attached hereto as Exhibit A.

12.    On May 27, 2008, United States Patent No. 7,377,321 (the "321 Patent") was duly and legally issued for an invention entitled "Testing, Treating, or Producing a Multi-Zone Well." A true and correct copy of the 321 Patent is attached hereto as Exhibit B.

13.    Schlumberger is the owner and assignee of the 417 Patent and the 321 Patent (collectively, "the Asserted Patents").  Schlumberger owns by assignment the entire right, title, and interest in the 417 Patent and the 321 Patent.

## GENERAL ALLEGATIONS

14.    On information and belief, without license or permission from Plaintiff Schlumberger, Defendant has infringed and continues to infringe one or more claims of each of the Asserted Patents by engaging in acts constituting infringement under 35 U.S.C. § 271, including but not necessarily limited to one or more of making, using, selling and offering to sell, in the United States, and importing into the United States, certain products and services relating to multizone treatment and completion of a wellbore, including TEAM Oil's completion systems that use TEAM Oil's ORIO XL Frac Sleeve.

15.    TEAM Oil has knowledge of the Asserted Patents and has known of the Asserted Patents and its infringement thereof since at least November 4, 2013, when Schlumberger sent

TEAM Oil a letter identifying and enclosing the 417 Patent and the 321 Patent and notifying TEAM Oil of its infringement of the 417 Patent and the 321 Patent.  With that letter, Schlumberger also attached claim charts illustrating TEAM Oil's infringement of representative claims of the 417 Patent and the 321 Patent.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 7,322,417

16.     Schlumberger incorporates by reference the allegations set forth in paragraphs 1-15 as though fully set forth herein.

17.     On information and belief, without license or permission from Plaintiff Schlumberger, TEAM Oil has directly infringed and is infringing, literally and/or under the doctrine of equivalents, one or more claims of the 417 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services relating to multizone treatment and completion of a wellbore, including TEAM Oil's completion systems that use TEAM Oil's ORIO XL Frac Sleeve.

18.      TEAM Oil has indirectly infringed the 417 Patent by inducing infringement under 35 U.S.C. § 271(b) and by contributing to infringement under 35 U.S.C. § 271(c).

19.     TEAM Oil markets, advertises, sells, and offers for sale its completion systems that use TEAM Oil's ORIO XL Frac Sleeve.

20.     TEAM Oil's customers directly infringe, either literally and/or under the doctrine of equivalents, the 417 Patent by acts which include, but are not limited to, using TEAM Oil's completion systems that use TEAM Oil's ORIO XL Frac Sleeve in a manner claimed in the 417 Patent.

21.     As described above, TEAM Oil has knowledge of the 417 Patent and has known of the 417 Patent and its infringement thereof since November 4, 2013, when Schlumberger sent TEAM Oil a letter identifying and enclosing the 417 Patent and notifying TEAM Oil of its infringement of the 417 Patent, including claim charts illustrating TEAM Oil's infringement thereof.

22.     Despite knowledge of the 417 Patent and that the use of TEAM Oil's ORIO XL Frac Sleeve constitutes infringement of the 417 Patent, TEAM Oil actively encourages and induces its customers to infringe the 417 Patent through, among other things, TEAM Oil's marketing materials, advertising materials, user manuals, installation manuals, and technical assistance.  These materials instruct, encourage, and induce TEAM Oil's customers to directly infringe the 417 Patent.

23.     As such, TEAM Oil has knowingly induced and continued to induce direct infringement of the 417 Patent by its customers.

24.     TEAM Oil contributes to direct infringement of the 417 Patent by its customers by selling, offering for sale, and/or importing its completion systems that use TEAM Oil's ORIO XL Frac Sleeve, or components thereof.  Such completion systems that use TEAM Oil's ORIO XL Frac Sleeve, or components thereof, constitute a material part of the invention of the 417 Patent, are not a staple article or commodity of commerce, and are not otherwise suitable for substantial noninfringing use, and are known by TEAM Oil to be especially made and adapted for use in an infringement of the 417 Patent.

25.     As described above, TEAM Oil has had knowledge of the 417 Patent and the infringing nature of its actions since at least November 4, 2013.

26.     TEAM Oil's infringement of the 417 Patent has caused and continues to cause damage to Schlumberger in an amount to be determined at trial.

27.     TEAM Oil's infringement of the 417 Patent has been and is willful and deliberate. Despite knowing of its infringement and/or having an objectively high likelihood that its actions constitute infringement and/or having a deliberate disregard of, or being willfully blind to, its infringement, TEAM Oil has continued to infringe the 417 Patent.

28.     TEAM Oil's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Schlumberger for which there is no adequate remedy at law.  Unless enjoined by this Court, TEAM Oil will continue to infringe the 417 Patent.

29.     TEAM Oil's infringement of the 417 Patent is exceptional and entitles Schlumberger to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,377,321

30.     Schlumberger incorporates by reference the allegations set forth in paragraphs 1-29 as though fully set forth herein.

31.     On information and belief, without license or permission from Plaintiff Schlumberger, TEAM Oil has directly infringed and is infringing, literally and/or under the doctrine of equivalents, one or more claims of the 321 Patent in this District and elsewhere in the United States by making, using, offering for sale, selling, and importing, without authority, products and services relating to multizone treatment and completion of a wellbore, including TEAM Oil's completion systems that use TEAM Oil's ORIO XL Frac Sleeve.

32.     TEAM Oil has indirectly infringed the 321 Patent by inducing infringement under 35 U.S.C. § 271(b) and by contributing to infringement under 35 U.S.C. § 271(c).

33.     TEAM Oil markets, advertises, sells, and offers for sale its completion systems that use TEAM Oil's ORIO XL Frac Sleeve.

34.     TEAM Oil's customers directly infringe, either literally and/or under the doctrine of equivalents, the 321 Patent by acts which include, but are not limited to, using TEAM Oil's completion systems that use TEAM Oil's ORIO XL Frac Sleeve in a manner claimed in the 321 Patent.

35.     As described above, TEAM Oil has knowledge of the 321 Patent and has known of the 321 Patent and its infringement thereof since November 4, 2013, when Schlumberger sent TEAM Oil a letter identifying and enclosing the 321 Patent and notifying TEAM Oil of its infringement of the 321 Patent, including claim charts illustrating TEAM Oil's infringement thereof.

36.     Despite knowledge of the 321 Patent and that the use of TEAM Oil's ORIO XL Frac Sleeve constitutes infringement of the 321 Patent, TEAM Oil actively encourages and induces its customers to infringe the 321 Patent through, among other things, TEAM Oil's marketing materials, advertising materials, user manuals, installation manuals, and technical assistance.  These materials instruct, encourage, and induce TEAM Oil's customers to directly infringe the 321 Patent.

37.     As such, TEAM Oil has knowingly induced and continued to induce direct infringement of the 321 Patent by its customers.

38.     TEAM Oil contributes to direct infringement of the 321 Patent by its customers by selling, offering for sale, and/or importing its completion systems that use TEAM Oil's ORIO

XL Frac Sleeve, or components thereof.  Such completion systems that use TEAM Oil's ORIO XL Frac Sleeve, or components thereof, constitute a material part of the invention of the 321 Patent, are not a staple article or commodity of commerce, and are not otherwise suitable for substantial noninfringing use, and are known by TEAM Oil to be especially made and adapted for use in an infringement of the 321 Patent.

39.     As described above, TEAM Oil has had knowledge of the 321 Patent and the infringing nature of its actions since at least November 4, 2013.

40.     TEAM Oil's infringement of the 321 Patent has caused and continues to cause damage to Schlumberger in an amount to be determined at trial.

41.     TEAM Oil's infringement of the 321 Patent has been and is willful and deliberate. Despite knowing of its infringement and/or having an objectively high likelihood that its actions constitute infringement and/or having a deliberate disregard of, or being willfully blind to, its infringement, TEAM Oil has continued to infringe the 321 Patent.

42.     TEAM Oil's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Schlumberger for which there is no adequate remedy at law.  Unless enjoined by this Court, TEAM Oil will continue to infringe the 321 Patent.

43.     TEAM Oil's infringement of the 321 Patent is exceptional and entitles Schlumberger to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

44.     Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Schlumberger demands a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Schlumberger prays for judgment and seeks relief against Defendant as follows:

(a)     That the Asserted Patents have been and continue to be infringed by the Defendant;

(b)     That Defendant's infringement of the Asserted Patents has been and continues to be willful, thus entitling Schlumberger to increased damages pursuant to 35 U.S.C. § 284.

(c)     That the Asserted Patents are not invalid and are not unenforceable;

(d)     For all damages sustained as a result Defendant's infringement of Schlumberger's patents as herein alleged pursuant to 35 U.S.C. § 284;

(e)     For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(f)     For a permanent injunction enjoining Defendant, its officers, agents, servants, employees and all other persons acting in concert or participation with it from further infringement of the Asserted Patents;

(g)     For an award of attorneys' fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

(h)     For all costs of suit; and

(i)     For such other and further relief as the Court may deem just and proper.

Dated:  March 6, 2015

Respectfully submitted,

Michael C. Smith
michaelsmith@siebman.com
State Bar No. 18650410
SIEBMAN, BURG, PHILLIPS, & SMITH
113 East Austin Street
Marshall, Texas 75670
Tel: 903.938.8900
Fax: 972.767.4620


Adam D. Swain
Adam.swain@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004
(202) 239-3300

OF COUNSEL:

Scott J. Pivnick
scott.pivnick@alston.com
Benn C. Wilson
benn.wilson@alston.com
ALSTON & BIRD LLP
The Atlantic Building
950 F Street, NW
Washington, DC 20004
(202) 239-3300

Patrick Flinn
patrick.flinn@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel.: (404) 881-7000
Fax: (404) 253-8756